John Q. Avery, ISB #3407
Ryan Farnsworth, ISB #8885
Jonathon Mark Avery, ISB #9642
Holly Sutherland, ISB #9521
Avery Law
770 S. Woodruff Ave
Idaho Falls, ID 83401
Telephone: (208) 639-9400
Facsimile:   (208) 524-3020

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | Case No. 17-40284 -JMM |
| Jacob and Breonna Jolley, | Chapter 13 |
| Debtors. | |

DEBTORS' MOTION FOR RULE 11 SANCTIONS

Come now Debtors Jacob Jolley and Breonna Jolley, by and through counsel of record, Ryan Farnsworth, Avery Law, and moves this court to sanction Chapter 13 Trustee Kathleen McCallister ("Trustee") under F.R.B.P. 9011 and F.R.C.P. Rule 11 for the reasons outlined below:

1. In recent filings, Trustee has accused Debtors of committing tax fraud. Despite demands that she correct her erroneous allegations, she has not withdrawn or corrected those statements.

2. If Trustee believes those statements to be true, she has an explicit obligation to report such crimes and has failed to comply with the U.S. Trustee Program requirements as described in the *Handbook for Chapter 13 Standing Trustees, Effective October 1, 2012*[1].

---

[1] https://www.justice.gov/ust/eo/private_trustee/library/chapter13/docs/handbook2012/Handbook_Ch13_Standing_Trustees_2012.pdf

In this Chapter 13, Debtors have already paid $150,835.00 towards their debts through the plan. While Trustee complains that no unsecured or priority debts have yet been paid, in some cases the bankruptcy code allows for such a result, and especially post-confirmation, does not show bad faith on the Debtor's part. It is unclear why Trustee then includes it in her motion when Debtor is current on required plan payments.

I. *Rule 11 Sanctions*

Federal Rule of Civil Procedure 11 provides:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;....

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

II. *Application*

In the Motion to Dismiss filed on May 8, 2019 Trustee alleges that "Debtors have been and are continuing to file false tax returns," substituting her own judgment for that of the Debtors' Certified Public Accountant, Jen Kennedy. (Dkt. No. 122, ¶13).

Debtor, through counsel, demanded that Trustee retract this allegation via letter dated May 24, 2019, which she has not. The May 24 letter was served as required under Rule 11(c)(2), meeting the requirement for a safe harbor provision under Rule 11, and the erroneous statements have not been corrected or withdrawn.

The United States Code requires a standing trustee to refer suspected violations of Federal criminal law to the appropriate United States Attorney. A similar duty is imposed on the United States Trustee by 28 U.S.C. § 586(a)(3)(F). *Handbook for Chapter 13 Standing Trustees* (page 5-1). Because Trustee has not reported her suspected tax fraud, Debtors must conclude that Trustee included this veiled threat to merely gain an advantage in litigation. Either the inclusion of such an allegation and threat to report supposed fraud was a Rule 11 violation, or the Trustee has failed to report crimes as required by the manual prescribing trustees actions.

Because Debtors and their CPA have not committed tax fraud, Debtors believe the Trustee has violated FRCP Rule 11.

Wherefore, Debtors respectfully request that this court sanction Trustee Kathleen McCallister and for such other relief as it deems just and proper.

*/s/Ryan E. Farnsworth*
Ryan E. Farnsworth
Attorney for Debtors